

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EMN:WK
F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2011

**BY ECF AND INTEROFFICE MAIL**

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Vincent Dragonetti, et al.
           Criminal Docket No. 11-003 (DLI)

Dear Judge Irizarry:

      In a letter dated June 17, 2011 (the "Govt. Let."), the government advised the Court, pursuant to its obligations in United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), of several potential attorney conflicts with respect to Joseph Corozzo, Esq.'s representation of defendant Vincent Dragonetti (Govt. Let., pp. 10-13) and Vincent Licata, Esq,'s representation of defendant Thomas Frangiapane (id. at 13).  At a hearing on June 24, 2011, the Court invited submissions from defense counsel, pursuant to which Mr. Corozzo submitted a letter dated July 11, 2011 (the "Corozzo Let."), discussed below (Docket Entry No. 98); Mr. Licata "join[ed] in the letter submitted by Joseph R. Corozzo . . . to the extent it applies to Mr. Frangiapane" (Docket Entry No. 100).

      The government respectfully submits this letter to reiterate its position with respect to the potential conflicts it has identified.  In addition, the government writes to supplement the information provided to the Court in its previous letter regarding the conflicts at issue in United States v. Curanovic, et al., Criminal Docket No. 08-240 (E.D.N.Y) (BMC).

I.   The Conflicts

      In his July 11, 2011 letter, Mr. Corozzo argues that the potential conflicts identified by the government are

waivable.[1]  This is consistent with the government's position, as set forth in its June 17, 2011 letter, that the conflicts are waivable but that the Court "has the discretion to disqualify counsel based upon its 'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'"  Govt. Let. at 7, citing United States v. Wheat, 486 U.S. 153, 160 (1988).

At the June 24, 2011 proceedings in this matter, the Court identified the issue raised by the potential conflicts as whether, "looking at them in total, . . . they would constitute grounds for . . . disqualification."  See Ex. A to the Corozzo Let. at 11-12.  At those proceedings, the government stated that "it takes no position as to whether the [potential conflicts are] waivable or not."  Id. at 9.  To be clear, it is the government's position that the potential conflicts, whether taken in isolation or together, are waivable.  As set forth in the Govt. Let. at 7, however, "[t]he evaluation of the facts and circumstances . . . must be left primarily to the informed judgment of the trial court."  Wheat, 486 U.S. at 163-64.  Each trial court, as set forth above, has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  Id. at 160; United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004).

---

[1]  Two assertions in Mr. Corozzo's letter merit clarification.  First, Mr. Corozzo's letter asserts that the government contends that Judge Weinstein made certain factual findings that he did not in United States v. Agate, et al, Criminal Docket No. 08-76 (E.D.N.Y.) (JBW).  See Corozzo Let. at 12.  In fact, the government letter did not report any such findings of fact.  Similarly, Mr. Corozzo's letter incorrectly asserts that Judge Scheindlin, in her opinion in United States v. Yannotti, et al., 358 F. Supp. 2d 289 (S.D.N.Y. 2004), "reject[ed] the Government's baseless and frankly malicious claims" that a conflict arises because of Mr. Corozzo's family connections.  See Corozzo Let. at 12.  To the contrary, in disqualifying Mr. Corozzo in that case, Judge Scheindlin held that "[w]hile it is true that this conflict, standing alone, may not warrant disqualification . . . , [it] must be considered in conjunction with the other possible conflicts raised by the government."  Yannotti, 358 F. Supp. 2d at 292.

II.  Supplemental Information

In its June 17, 2011 letter, the government referred to a <u>Curcio</u> letter that had recently been filed in <u>United States v. Saracino</u>, Criminal Docket No. 08-240 (E.D.N.Y) (BMC).  That submission set forth evidence of Mr. Corozzo's participation in a 2009 loansharking conspiracy with members and associates of organized crime, including Mr. Corozzo's client, Colombo crime family soldier Dino Saracino.  The government neglected to alert the Court to the fact that, in a March 31, 2011 Decision and Order (issued <u>sub nom Curanovic</u>), the Honorable Brian M. Cogan found the conflicts identified by the government to be unwaivable in that case and disqualified Mr. Corozzo.  <u>United States v. Curanovic, et al.</u>, Criminal Docket No. 08-240 (E.D.N.Y) (BMC), 2011 WL 1555075, at *4.[2]

The facts underlying the conflict in <u>Curanovic</u>, however, are clearly distinguishable.  Most notably, as set forth in Judge Cogan's Decision and Order, in that case the government alleged that Mr. Corozzo was under investigation for being involved "in the very same [loansharking] business charged in the [<u>Curanovic</u>] indictment."  <u>Curanovic</u>, 2011 WL 1555075, at *3.  As a result, Judge Cogan found that "Mr. Corozzo ha[d] a strong interest in self-protection that could readily manifest itself in a way that [wa]s directly contrary to [his client's] interests," found the conflict to be a <u>per se</u> conflict and therefore to be unwaivable, and disqualified Mr. Corozzo.  <u>Id</u>. at *3-*4.[3]  In this case, the government does not contend that Mr. Corozzo has any involvement in the charged extortions, and does not believe that Mr. Corozzo suffers from an unwaivable, <u>per se</u> conflict, as Judge Cogan found in <u>Curanovic</u>.  <u>See United States v. Levy</u>, 25 F.3d 146, 157 n.8 (2d Cir. 1994) (<u>per se</u> rule inapplicable where attorney's alleged wrongdoing was a different substantive crime and temporally and factually distinct from the charged criminal

---

[2]  Mr. Corozzo's letter suggests that the government had relied, in its letter, on Judge Cogan's disqualification of Mr. Corozzo in <u>Curanovic</u>.  <u>See</u> Corozzo Let. at 13-14.  This is not accurate.  While the government's letter did reference (and attach) the government's <u>Curcio</u> letter filed (sub nom <u>Saracino</u>) in that case as set forth above, it did not raise or rely on Judge Cogan's decision on the matter.

[3]  Judge Cogan also indicated that even if the <u>per se</u> rule did not apply and the conflict had been waivable, he nevertheless would have exercised his discretion and denied Saracino's waiver pursuant to the considerations set forth in <u>Wheat</u> and <u>Jones</u>, <u>supra</u>.  <u>Curanovic</u>, 2011 WL 1555075, at *4.

4

acts); <u>United States v. Pizzonia</u>, 415 F. Supp. 2d 168, 182 (where attorney's alleged crimes "are not substantially related to the charges against the defendant, waiver is permitted").

III. <u>Conclusion</u>

  The government has presented a number of potential conflicts to the Court. As the Court identified at the June 24, 2011 proceedings in this matter, the issue raised by these is whether, "looking at them in total, . . . they would constitute grounds for . . . disqualification." The Government respectfully submits that, while the conflicts taken together are waivable from its perspective, it is the informed judgment of the Court, in an exercise of its broad discretion, that must determine if disqualification is appropriate under the circumstances.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York


    By:    /s/
        Whitman G.S. Knapp
        Assistant U.S. Attorney
        (718) 254-6107

cc: Counsel of record (via ECF)
   Clerk of Court (DLI) (via ECF)