SLR:LDM:TYH
F.# 2009R00195

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

VINCENT DRAGONETTI,
    also known as "Vinny," "Skinny,"
"Mike," "Mikey," and "Marbles,"

        Defendant.

- - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 16 2012 ★

BROOKLYN OFFICE

ORDER OF FORFEITURE

11-CR-0003 (DLI)

    WHEREAS, on March 1, 2012, the defendant, VINCENT DRAGONETTI, also known as "Vinny," "Skinny," "Mike," "Mikey," and "Marbles" (the "Defendant"), entered a plea of guilty to Count Seven of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1951(a), to wit, extortion; and

    WHEREAS, pursuant to the Defendant's plea agreement, the Defendant has consented and agreed to the entry of, and to forfeit all of his right, title and interest in, a forfeiture money judgment in the amount of $30,000.00 in United States currency (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as property, real or personal, which constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 1951(a), and/or as substitute assets.

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the Defendant shall pay the Forfeiture Money Judgment on or before the date of sentencing (the "Due Date"). In the event the Forfeiture Money Judgment is not satisfied on or before the Due Date, interest shall accrue at the judgment rate of interest from the Due Date.

2. All payment made toward the Forfeiture Money Judgment shall be by certified or bank check, made payable to "United States Marshals Service," and shall be hand-delivered to Assistant United States Attorney Tanya Y. Hill, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, on or before the Due Date, with the criminal docket number noted on the face of the check.

3. If the Defendant fails to pay the Forfeiture Money Judgment by the Due Date, the Defendant has agreed that the United States may execute the Forfeiture Money Judgment upon any other assets of the Defendant, up to the outstanding balance of the Forfeiture Money Judgment, pursuant 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

4. The Defendant shall disclose all of his assets to the United States on the "United States Department of Justice Financial Statement" (the "Financial Statement") prior to sentencing. The Defendant consents to the forfeiture to the United States of all assets in which the Defendant has an interest but failed to disclose on the Financial Statement, if any. Should any such assets be discovered, the Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets, and the Defendant shall execute any documents necessary to effectuate the forfeiture of said assets.

5. The Defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or to assist others to file or interpose a claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial forfeiture proceedings.

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited under this Order of Forfeiture. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional,

legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause of the Constitution, any applicable statues of limitations, venue, or any defense under the Eight Amendment, including a claim of excessive fines.

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8.  Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

9.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward two (2) certified copies of this Order to FSA Senior Law Clerk William K. Helwagen, U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 13, 2012

                                             s/DLI

                                      HONORABLE DORA J. IRIZARRY
                                      UNITED STATES DISTRICT JUDGE

*United States v. Dragonett et al.; CR-11-0003 (DLI)*
*Order of Forfeiture, Vincent Dragonetti*
*page 5*