```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
```
In Re: United States v Dragonetti, et al.,       Docket # 11-cr-03 (DLI)

JERRY CAPECI,                                    **NOTICE OF MOTION**

                Petitioner,

    - against -

UNITED STATES OF AMERICA,

                Respondent.
```
-------------------------------------------------x
```

To:    Honorable Dora L. Irizarry
        United States District Judge
        Eastern District of New York
        225 Cadman Plaza East
        Brooklyn, New York 11201

**PLEASE TAKE NOTICE** that, upon the attached *pro se* letter motion, Jerry Capeci, a reporter/columnist interested party will move this Court, before the Honorable Dora L. Irizarry, USDJ, EDNY, on July 2, or as soon as thereafter as counsel can be heard, for an order, pursuant to the common law and First Amendment of the U.S. Constitution, compelling the U.S. Attorney for the Eastern District of New York and her responsible surrogates to provide the plea agreements between the U.S. Attorney's office and the seven defendants who have pleaded guilty in this case to plaintiff.

Dated: Brooklyn, New York
       June 21, 2012

*[signature: Jerry Capeci]*
P.O. Box 863
Long Beach NY 11561

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

June 21, 2012

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Dragonetti, et al.*, **11-CR-03 (DLI)**

Dear Judge Irizarry:

I am a reporter/columnist who has written numerous articles about the indictment in the referenced matter since it was filed last year.

As an interested party, I petition you to treat this letter as a *pro se* motion to order the government to furnish me copies of the plea agreements between the government and defendants Vincent Dragonetti, Thomas Frangiapane, Emmanuel Garafolo, Anthony Licata, Anthony O'Donnell, Anthony Scibelli, and William Scotto. All seven have resolved the charges against them by pleading guilty to various charges in the case.

Upon information and belief, the plea agreements between the government and all seven defendants were marked as court exhibits during the proceedings at which they pleaded guilty.

In numerous cases, the Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the public's right of access in a criminal proceeding. *See e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *In Re: The Herald Company,* 734 F.2d 93, 96 (2d Cir. 1984). Accordingly, I ask that you allow me to intervene for the limited purpose of asserting the public's right of access to the plea agreements between the government and each of the seven defendants cited above, and that you treat this letter as a *pro se* motion. I have contemporaneously delivered (via fax or email) a copy of this letter to the government and attorneys for the seven defendants.

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

It is well established in this district, and in federal courts around the country, that except for extraordinary reasons, namely those that involve national security or the safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including exhibits, in all criminal cases.

The plea agreement is an important judicial document. In this case, it memorializes the agreement by which the government and the defendants, alleged members and associates of the Gambino crime family, agreed to resolve the charges in their indictment, instead of at a public trial.

I have been unable to obtain copies of any of the plea agreements, which although they are official court exhibits, are maintained by the office of U.S. Attorney Loretta Lynch.

Over the past several months, Robert Nardoza, the official spokesperson for the U.S. Attorney's office, has declined to provide copies of plea agreements that his office has reached with defendants unless I file a motion with the judge assigned to the case. According to Nardoza, the official policy of the office requires members of the media to file an official request for the plea agreements with the Court, even though in two recent cases in this district, Assistant United States Attorneys have stated in public filings that the public and press have a common law as well as a First Amendment right to plea agreements since they are public records.

The two cases are *United States v. Graziano et al.*, (Docket #12-CR-50), and *United States v. Guerra et al.*, (Docket #10-CR-147). I have attached the letters the government filed in response to the *pro se* letter motions that I submitted for plea agreements in those cases to Chief Judge Carol Bagley Amon and the Honorable Sandra Townes.

The Office policy regarding plea agreement applies even in cases in which the government has conceded that the agreements are official court documents that the public and press have a right to examine. That policy was reiterated just this week, when I requested the plea agreements of two additional defendants in the *Guerra* case who pleaded guilty Friday, June 8.

Even though the government had submitted a response to my initial *pro se* motion in the *Guerra* case agreeing that the plea agreements are public records, Nardoza informed me that the "official policy" required that I file another official request for the additional plea agreements to Judge Townes. I have attached a copy of that letter motion, which has not yet been docketed.

2

P.O. Box 863 • Long Beach, New York 11561 • (516) 431-1277

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

For all the reasons cited above, I ask most respectfully that your Honor order the government to make the plea agreements between the U.S. Attorney's office and the defendants who have already pleaded guilty in this case available to the press and the public.

In addition, I ask that your Honor order the U.S. Attorney's office to make all plea agreements that the government reaches with defendants in this case – and in all criminal cases to which you are assigned – available to the press immediately after it receives a request for one unless the government establishes that one of the limited exceptions to the public's right to such documents exists. This practice would eliminate the need for me – and other news reporters – to waste the time of the Court, prosecutors, and defense lawyers in dealing with what should be a routine matter.

Respectfully,

Jerry Capeci

cc: Chief Judge Carol Bagley Amon

    Robert Nardoza; AUSA Whitman Knapp

    Lawyers Joseph Corozzo, Michael Soroka, Michael Macklowitz, Charles Carnesi, Vincent Martinelli, Gerald Shargel, Seth Ginsberg

P.O. Box 863 • Long Beach, New York 11561 • (516) 431-1277



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:JD
F.#2011R02050

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 20, 2012

By Hand Delivery and ECF

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Anthony Graziano, et al.
             Criminal Docket No. 12-050 (S-2)(CBA)

Dear Chief Judge Amon:

      The government respectfully submits this letter in response to the April 12, 2012 request by a member of the media for disclosure of the plea agreements in the above-captioned matter.[1] (Docket Entry # 117). For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

      Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal.,

---

    [1]    In this matter, five defendants have entered guilty pleas, pursuant to written agreements with the government, before the Court and Magistrate Bloom. Executed copies of those agreements, collectively marked as Government Exhibits 1-5 (relating to defendants LaForte, Balsamo, Calabrese, Graziano and Badalamenti, respectively) have been provided to the Court.

2

478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor the plea agreements themselves have been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from individual defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: _____/s/_____
Jack Dennehy
Assistant U.S. Attorney
(718) 254-6133

cc:   Defense Counsel (by ECF)



U.S. Department of Justice

*United States Attorney
Eastern District of New York*

NMA                                       271 Cadman Plaza East
                                          Brooklyn, New York 11201

May 30, 2012

By Hand Delivery and ECF

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Francis Guerra, et al.
            Criminal Docket No. 10-147 (S-4)(CBA)

Dear Judge Townes:

      The government respectfully submits this letter in response to the May 25, 2012 request by a member of the media for disclosure of the plea agreements in the above-captioned matter.[1] For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

      Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at

---

    [1]   In this matter, five defendants have entered guilty pleas, pursuant to written agreements with the government, before the Court and Magistrate Judge Mann; specifically, defendants Bombino, DiMichele, Garofalo, Petrizzo and Preza.

times yield to more compelling interests." <u>United States v. Aref</u>, 533 F.3d 72, 83 (2d Cir. 2008).

In <u>United States v. Haller</u>, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor the plea agreements themselves have been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from individual defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

                    Respectfully submitted,

                    LORETTA E. LYNCH
                    UNITED STATES ATTORNEY

By:        /s/
                    Nicole M. Argentieri
                    Rachel J. Nash
                    Allon Lifshitz
                    Assistant U.S. Attorney
                    (718) 254-6232/6072/6164

cc: Defense Counsel (by ECF)

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

June 10, 2012

Honorable Sandra Townes
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: US v. Guerra et al, Docket #10CR147

Dear Judge Townes:

This is a follow-up to my "pro-se" letter motion of May 25, 2012 (document # 504), and the government's reply of May 30, 2012 (document #499), and your ruling on the matter. As explained to me by your courtroom deputy Veronica Frullo, it instructed the government to make the five plea agreements in question available to the press and the public on June 4.

Yesterday, the official spokesman for the U.S. Attorney's office, Robert Nardoza, indicated that tomorrow, on Monday, June 11, 2012, he would provide me the plea agreements of defendants Edward Garofalo, Alicia Dimichele, Anthony Preza, Thomas Petrizzo and James Bombino.

However, in response to a request for the plea agreements of the latest defendants to plead guilty in the case, Michael Persico and Theodore Persico Jr., he stated that in order for me to obtain those documents, it would be necessary for me to file another "pro-se" motion with the court.

For all the reasons stated in my original letter motion, and the reply by the government, I ask that the court order the government to make available the plea agreements between the government and the defendants, Michael Persico and Theodore Persico Jr., who pleaded guilty on Friday.

In addition, I also ask that you order the government to make available in the future any and all

1

## Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

plea agreements between the government and any other defendants who should decide to plead guilty, to the press and the public – without requiring a representative of the media to file a motion for their release with the court.

(I have contemporaneously delivered (via fax or email) a copy of this letter to the government and attorneys for Michael Persico and Theodore Persico Jr.)

Thank you.

Sincerely,

*[signature]*

Jerry Capeci

cc Robert Nardoza; AUSAs Nicole Argentieri, Rachel Nash, Allon Lifshitz

Lawyers Sarita Kedia, Paul Shechtman, Elizabeth Macedonio, James Neville

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------- X
JERRY CAPECI                     :
                                 :
            Plaintiff,           :
                                 :      Affirmation of Service
     -against-                   :
                                 :      11 cr 03 (DLI)
LORETTA LYNCH, U.S. ATTORNEY     :
EDNY                             :
            Defendants.          :
                                 :
-------------------------------- X
```

I, __Jerry Capeci__, declare under penalty of perjury that I have served a copy of the attached Notice of Motion and Affirmation/Affidavit in support upon __Loretta Lynch, U.S. Attorney for the Eastern District of New York__ whose address is: __271 Cadman Plaza East Brooklyn NY 11201__.

Dated: __June 21, 2012__, New York

__[signature]__
Signature

__P.O. Box 863__
Address

__Long Beach NY 11561__
City, State & Zip Code

__516-431-1277__
Telephone

Motion Form & Instructions - U.S. District Court-EDNY Rev. 1/2006