

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK
F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 10, 2012

**BY ECF & INTEROFFICE MAIL**

The Honorable Dora L. Irizarry
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Vincent Dragonetti, et al.
             Criminal Docket No. 11-003 (DLI)

Dear Judge Irizarry:

       The government respectfully submits this letter in response to the June 21, 2012 request by a member of the media for disclosure of plea agreements in the above-captioned matter.[1] For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

       Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978).  Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal.,

---

      1    As the Court is aware, defendants Vincent Dragonetti, Thomas Frangiapane, Emmanuel Garafolo, Anthony Licata, Anthony O'Donnell, Anthony Scibelli and William Scotto have entered guilty pleas in this matter, pursuant to written agreements with the government.  An executed copy of each defendant's agreement was marked as a Court exhibit at the time each defendant entered his guilty plea, and the government has retained copies.

2

478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the plea was taken on the record in open court, and neither the plea colloquy nor the plea agreement itself has been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from the defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:      /s/
Whitman G.S. Knapp
Assistant U.S. Attorney
(718) 254-6107

cc: All Defense Counsel (by ECF)

Jerry Capeci
P.O. Box 863
Long Beach, New York 11561
(by U.S. Mail)