UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                   :
                                            :
                                            :           **SUMMARY ORDER**
            -against-                       :           11-CR-03 (DLI)
                                            :
                                            :
VINCENT DRAGONETTI, ET AL.                  :
                                            :
                  Defendants.               :
-------------------------------------------------------------x

On June 21, 2012, *pro se* intervenor Jerry Capeci, who purports to be a "reporter/columnist," moved for an order directing the government to provide him copies of the plea agreements between the government and defendants Vincent Dragonetti, Thomas Frangiapane, Emmanuel Garafolo, Anthony Licata, Anthony O'Donnell, Anthony Scibelli and William Scotto ("Plea Agreements"). (*See* Capeci Letter, Dkt. Entry 174.) The government and the defendants did not object. (*See* Dkt. Entries 175, 177-78, 180-81, 184-86.)

The Second Circuit has recognized that the public has a "qualified First Amendment right . . . to access certain judicial documents." *Hartford Courant Co. v. Pellegrino*, 380 F. 3d 83, 91 (2d Cir. 2004). This qualified right includes "a right of access to plea hearings and to plea agreements." *United States v. Haller*, 837 F. 2d 84, 86 (2d Cir. 1988). None of the parties here have set forth any reason why the public should not have access to the Plea Agreements. Therefore, Capeci's request to obtain copies of the Plea Agreements is granted. The government is hereby directed to give Capeci copies of the Plea Agreements for the defendants in this case who have pled guilty thus far.

Capeci also requests that the court order the government to make all plea agreements that the government enters into with the defendants in this and all other criminal cases pending before

this court, "available to the press immediately after it receives a request for one unless the government establishes that one of the limited exceptions to the public's right to such documents exists." (Capeci Letter, Dkt. Entry 174.) This request is vastly overbroad. It would be inappropriate for this court to issue such a sweeping order particularly without giving the affected parties an opportunity to be heard. It would also be imprudent to consider any request for access to plea agreements before they even have been drafted or formally entered into. Accordingly, the request is denied, without prejudice to renew the request on a case by case basis.

SO ORDERED.

Dated: Brooklyn, New York
       July 17, 2012

                                                   /s/
                                          DORA L. IRIZARRY
                                          United States District Judge