```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :        **SUMMARY ORDER**
              -against-                    :
                                           :        11-CR-03 (DLI)
VINCENT DRAGONETTI,                        :
                                           :
                          Defendant.       :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Defendant Vincent Dragonetti ("Defendant") seeks clarification as to one of the special conditions of his supervised release (*see* Defendant's Motion for Clarification ("Def.'s Mot."), Dkt. Entry No. 354). In particular, Defendant seeks authorization to perform his court-ordered 200 hours of community service through Friends of Rockaway, a nonprofit organization that works to restore and rebuild the Rockaway community in the wake of the damage caused by Super Storm Sandy ("Sandy"). (Def.'s Mot., Ex. B.) The United States Probation Department ("Probation") expressed concern that performance of community service through organizations associated with the construction industry would create a "conflict of interest" and would make it "extremely difficult . . . to verify that hours were being completed legitimately." (Probation Response to Attorney Objection Letter ("Probation Resp."), Dkt. Entry No. 355 at 2.) Probation assigned Defendant a placement in the thrift shop at Mercy Hospital in Rockville Centre, New York. (*Id.*) The Government joins in Probation's opposition to Defendant's request. (*See* Government Opposition ("Gov't Opp'n"), Dkt. Entry No. 356.)

On April 12, 2013, the Court sentenced Defendant to a four-year term of probation, and among other conditions of supervised release, ordered Defendant to perform 200 hours of community service. (*See* April 12, 2013 Minute Entry.) As Probation notes, the Judgment of Conviction does not specify the particular parameters of Defendant's community service. (*See*

1

Judgment of Conviction ("J."), Dkt. Entry No. 343.) However, at sentencing, the Court explained that "[g]iven your expertise in landscaping and construction, I would like for that community service to be used to assist the victims of . . . Sandy who are still suffering who I'm sure could certainly use whatever assistance you might be able to give." (Transcript of April 12, 2013 Sentencing Hearing ("Sentencing Tr."), attached as Ex. A to Def.'s Mot. 60:13-17.) Neither the government nor Probation objected to the Court's specific directives as to Defendant's community service. The Court imposed the same Sandy-related community service when sentencing Defendant's co-defendants. Moreover, the minute entry from the sentencing hearing specifies that Defendant must "[p]erform 200 hours community service assisting victims of Superstorm Sandy." (April 12, 2013 Minute Entry.)

The Court intended the specific ruling regarding Defendant's community service to be incorporated in his Judgment of Conviction. To the extent that the Judgment of Conviction implies otherwise, the Court hereby clarifies that Defendant is to perform 200 hours of community service assisting the Rockaway community in its recovery from Sandy. Based on the submissions of the parties, Defendant's proposed assistance at Friends of Rockaway would satisfy this requirement. If, after Probation makes its own assessment of the program, it finds that the program is not appropriate, Probation shall find another program that does similar work and is appropriate.

SO ORDERED.

Dated: Brooklyn, New York
      July 9, 2013

/s/
DORA L. IRIZARRY
United States District Judge